Good morning. May it please the Court, my name is Erin Gally and I'm here on behalf of the defendant who is challenging his conviction for felon in possession of a firearm on the basis that the district court improperly admitted hearsay evidence. That hearsay evidence was a statement on an ATF form which indicated what the serial number was of the gun that was claimed to have been in the defendant's possession, which is the basis of conviction. Can I ask you a question about the record in this case? The – as I understand it, it was the uncle's gun, correct? Correct. The uncle testified it was his gun. Correct. Identified it. He did. This alleged hearsay, well, it's hearsay, the question is whether it fits under an exception, this hearsay only went to who owned the gun? Correct. The hearsay would have gone to who owned the gun. So why in light of this record, when the actual owner of the gun takes the stand and says it's mine, and also says, by the way, I did sign that form, I didn't fill out the form, but I did sign it, even if it is hearsay, why isn't it harmless error? Well, I appreciate the harmless error issue. The reason is that this piece of evidence from the form was much more concrete evidence than the uncle's testimony. The uncle's testimony was subject to doubt for a couple of reasons. But he was never cross-examined on that point. The uncle's – I understand the uncle's testimony was subject to doubt about when he lost the gun, when it disappeared, and whether it was taken by your client or by somebody else. But nobody – nobody attacked him on the issue of whether he actually owned the gun. There's no cross-examination on that issue. He testifies on the stand, this is mine, I recognize it. I bought it at this time and I signed this form. So even if the form is hearsay, it's hard to see why it – how it prejudiced your client in any material way. My response to that is it prejudiced him, and you sort of have to look at this with a little bit of hindsight recreating the record. The uncle testifies after this form has already been admitted. So once the form is admitted, it's fairly unassailable that there's evidence that this is his gun. We have the serial number that matches. Had that piece of evidence not been before the jury, the case could have played out differently. In other words, defendants' theory was, first of all, this wasn't my gun, this was somebody else's gun. Kagan. Kagan. Kagan. But I thought the defendants' theory was that it was his uncle's gun. He never – he, as I understand it, he acknowledged that he knew it was his uncle's gun. It's just he said he didn't take the gun. And he didn't have the gun, but not that it wasn't his uncle's gun. He assumed it was his uncle's gun. I think he – again, I guess I'm a little bit – the difference between whether he was disputing it was his uncle's gun or not, there was a – the theory was that he wasn't the one that possessed it. He was the one – he was not the one that had brought it to Ms. Bacon. But it wasn't that it wasn't his uncle's gun. I mean, in fact, it was that it was his uncle's gun. It's just he didn't take it. His theory, I think, was a little more broad than that of defense. It was, to the extent that it could have been his uncle's gun, he didn't bring it to that home. And it is a critical difference to have the fact of the serial number before the jury. Sotomayor, document that shows that the gun belonged to somebody else than him, even damaging to his case. I'm sorry. Say the last part again, Your Honor. It's a document that shows the gun is owned by somebody other than him. How is that even harmful to his case? I mean, you know, this shows that the gun belongs to somebody else, whether it's his uncle or, you know, somebody else. I don't even see how it prejudices your client. It sort of proves it's not his gun. It might be something that the defendant himself might put in and say, look, it's not my gun. There's a piece of paper, so I don't get it. It's – my response is the way that the arguments fell out at trial. So in other words, first we have the State putting on its case, he's – the gun is found in his home, we have some evidence from his girlfriend that she saw him in possession of it. Defense tries to counter that and say, no, she's – the girlfriend has fabricated those allegations. She has manufactured the situation, it's her gun or she's placed it in that way. Tell me – tell me a story that defense would have told at trial that is contradicted by a document showing that the gun belongs to the uncle. Sure. What's that story? The story is similar to what I just started outlining, that the girlfriend was trying to set him up to get him out of the house, and he never knew – he didn't know the gun was there other than the one time he saw it. The other funny thing about that is that she had already gotten him out of the house, in fact, when she came up with the gun. Well, the theory was to keep him out of the house because there was some uncertainty as to how long he would be held on this probation violation. But this was much more likely to keep him away from her for a longer period of time was the theory argued by the defense. So defense makes this argument that it's her gun, and the State comes back and says, well, yes, but we have this great piece of evidence that connects the gun to your uncle, because we have a serial number. And at that point, the defendant – And we have the uncle saying it's my gun. We have the uncle saying it's his gun, and I understand that. Take out the piece of the – take out the ATF form. Take that piece of the evidence out of the equation. Defendant's argument can be then, look, on one hand, my girlfriend is setting me up, and my uncle, who's coming into the picture after the fact, not as a part of a conspiracy, before the fact to try to set him up, but who's coming in now and testifying, boy, that looks like my gun. The uncle is subject to some doubt about that because, for a variety of reasons, maybe the uncle has something out against my client. But I still don't understand the answer to my question. He says it's her gun or she brought the gun to the house. How is that contradicted by proof that the gun belonged to the uncle? I don't see the inconsistency here. That's not – I don't see the inconsistency here. You think it's more likely that she got a gun from the uncle to set him up than from some other source? Is that your – would that have been your argument? I guess it could have been two arguments. One – I don't know. One or the other. Well, one would be that this simply isn't the uncle's gun, that he's just mistaken. But so what? So what? If it's not the uncle's gun, why is that a good defense for your guy? I mean, his argument is his girlfriend got the gun and planted it there. Seems to be about the same probability that she did that, whether it's his uncle's gun or not. Well, there would still be – the jury would still need to disbelieve Ms. Bacon's testimony. Let me ask this question differently. This is not – you're not claiming constitutional error here. No. Because this form was not testimonial. Correct. So we have not – at most in your position we have nonconstitutional error. Don't you have to demonstrate prejudice from it? Absolutely. We do have to demonstrate prejudice. And what level of prejudice do you have to demonstrate from it? That the jury's verdict, more likely than not, would have been different had this evidence not been admitted. And so the argument is really twofold. One is that had this piece of evidence not been admitted, the jury could have disbelieved the uncle's testimony that it was his gun and also disbelieved Ms. Bacon's testimony about this being not her gun. And your position is that's more likely than not to have been the result in the absence of this piece of paper? Yes. Given all the other things that I've not touched on. I can speculate that that might have been the result, but I'm having a hard time figuring out why it's more likely than not. When the uncle takes a stand, and I've read the examination of the uncle, he's attacked fairly heavily on his memory about when the gun left the house, but all the cross-examination assumes that it was his gun. Well, and I would note that because he testifies after the ATF record is already admitted, and so there would be very little point in going after the uncle on that point. But is there anything in this record that suggests to me, either by way of an offer of proof or by argument or otherwise, that the defendant was prepared to argue that it wasn't the uncle's gun? I don't believe that. I can't think of anything. That wasn't an element of the State's case, of the government's case. They didn't have to prove whose gun it was as long as it was possessed by your client. They didn't have to prove from whom he got it. That's true. But the government saw it as an important part of their case. I would guess for the same reason why we're saying it's important. We'll have to ask them why they wouldn't introduce it. I've got to ask them. But I'm just trying to figure out why – how in this case I should assume that your client would have made an argument which, as Judge Kaczynski says, may or may not have helped him, because I don't see any indication in the record that he intended to make that argument. Also, with regard to the form, are you contesting anything but the serial number? No. Because he – the uncle testified that he did sign that form. Yes, he did. And that he did buy that gun, a gun just like this at that place? Yes. So it's only the serial number. So therefore, what – everything else could have come in, i.e., that the uncle signed a form buying the same gun at that store at the relevant time. It's the – the key, Your Honor, is the term the same gun. It's the serial number that says that. Well, A-guns, I understand. So it's only the serial number on the form that you're complaining about. The rest of the form could have come in with the serial number redacted. The rest of the form would not create any kind of harmless error problem or harmful error problem. It's just the serial number. But moreover, it would have come in because the – I presume it could have come in because the uncle, or at least the fact that he signed a form would have come in because he said he did. Whether the form as a whole comes in, the fact that there was a form, that he filled it out, and that he signed it would have come in. I think it could have come in, yes. And that's not what we're challenging. So now you're – I want to make your claim precise. Your claim is that had the government introduced this without the serial number, you would have claimed that the uncle was wrong in saying that the gun, a gun which matches the description of a gun he bought that day and which he identifies as his was in fact not his. That would have been your argument. I'm sorry. Let me clarify my point. The information on that form that was filled out by Mr. White, the sales assistant, those are hearsay statements that we definitely want to hear. Right. No, but the uncle could say, I went to a store – I went to the store and bought a gun, I signed this form, here's my signature, this is my gun. And you're saying under those circumstances, had you attacked him and said, you don't really remember whether this is your gun, it's more likely than not that the jury would have acquitted your client. That's got to be your point of error. I don't know that the – I don't know that the question had to be asked in order for the argument to be made is why I hesitate to say that. Okay. Fair enough. But I think – but that is our point, that that argument could have been made that his memory is fallible, that he can't be relied on, or alternatively, that he has something – he's biased against Mr. Olkers, and so he's motivated to back up Mr. Olkers' ex-girlfriend in her statement. Okay. Thank you. Thank you. May it please the Court, Ryan Bounds for the United States. As the questions from this panel – Anything you heard this morning you think is not adequately responding to a new brief? No, Your Honor. We would just emphasize, though, there was no error, much less harmless error. Yes, I'm – I guess you didn't mean the no. Well, no, I think that everything is adequately covered in the brief, but I gathered from the Court's questions that the Court was erring toward affirming on harmless  We also believe that the district court's ruling was correct as a matter of law on any of three different bases, and we would urge that the Court affirm on the merits as well. Thank you. Thank you. Casual, sorry. We'll stand some minutes.
judges: Kozinski, Berzon, Hurwitz